# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| JAMES PANOS | CIVIL ACTION NO. 13-242 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE PATRICK J. HANNA |

## MEMORANDUM RULING

Before the Court is the Government's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim [Record Document 6]. The Plaintiff has filed a dilatory, partial response to the motion [Record Document 12].[1] For the reasons that follow, the Government's motion is hereby **GRANTED.**

## BACKGROUND

Plaintiff, James Panos, commenced the above-captioned civil proceeding by filing a Complaint for Remission or Mitigation of Forfeiture [Record Document 1] on January 31, 2013. In his complaint, Plaintiff sought the return of various firearms, which he alleges were seized in violation of his rights under the Second and Fifth Amendments to the United

---

[1] The instant motion was filed by the Government on April 11, 2013. A Notice of Motion Setting was issued by the Court on April 12, 2013 [Record Document 7], in which both a response and reply deadline were set. Thereafter, in light of the Defendant's failure to respond, the Court set a status conference on December 5, 2013, to address possible continuity of counsel concerns as well as the instant motion. [*See* Record Document 10]. During the conference, Plaintiff's counsel expressed his intention to continue his representation of Mr. Panos in this civil matter, despite the fact that he no longer represents Mr. Panos in the related criminal proceeding. The Court further allowed Plaintiff's counsel a significant extension of time within which to respond to the instant motion, and counsel met that extended deadline by filing a response which addresses only a portion of the claims at issue in the Government's motion. [*See* Record Document 12]. The Government did not file a reply.

States Constitution. In support thereof, Plaintiff claims that the firearms in question, which were seized in connection with a related criminal proceeding captioned 6:12-cr-00344-EEF-PJH, *USA v. Panos et al.*, have no association with any criminal charges.

On February 22, 2013, Plaintiff filed an Amended Complaint for Remission or Mitigation of Forfeiture [Record Document 5], in which Plaintiff amended his original complaint to also include a claim for $4,407.00 in U.S. Currency and a Teche Federal Bank cashier's check payable to James Panos in the amount of $10,000.00.  In support thereof, Plaintiff claims that neither asset was in any way related to the business at issue in the related criminal proceeding but rather each asset was associated with a separate "auction" business. Accordingly, Plaintiff claims that he is entitled to the return of said property as they are not related, in any way, to the criminal allegations.

In the instant motion, the Government challenges this Court's jurisdiction over Plaintiff's claims to the various firearms, currency and cashier's check. As to the firearms and $4,407.00 in cash, the Government alleges that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Drug Enforcement Administration ("DEA") have commenced administrative forfeiture proceedings, for which the claim period has expired without Plaintiff filing a claim. Accordingly, Plaintiff cannot now challenge the forfeitability of those assets, because Plaintiff could have raised such challenges in accordance with the administrative procedures outlined in Title 18, United States Code, Section 983. Further, as to the cashier's check, the Government alleges that said asset is included in the notice of forfeiture in the above-mentioned criminal indictment pending against Plaintiff. Thus,

adequate means exist for Plaintiff to assert his rights during the forfeiture phase of Plaintiff's criminal trial.[2]

## LAW AND ANALYSIS

The Government has moved for dismissal of Plaintiff's complaint and amended complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted).

"The Government may use the administrative forfeiture procedure when seized property has a value under $500,000 or is in the form of U.S. currency." *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007) (citing 19 U.S.C.§ 1607(a)). The following two separate notices were sent to Plaintiff regarding the assets in question: (1) Notice dated December 26, 2012, issued by ATF, regarding the various firearms and ammunition;[3] and (2) Notice dated January 9, 2013, issued by DEA, regarding the

---

[2] *See* 6:12-cr-00344-EEF-PJH, *USA v. Panos et al.*, Record Document 50, p. 15. Since the Government filed the instant Motion to Dismiss, a Superseding Indictment was returned in the related criminal matter. The Court notes that **all assets** at issue herein, including the $4,407.00 in U.S. Currency, the $10,000.00 cashier's check, and the various firearms, are now included in the forfeiture notice of the Superseding Indictment. [*See* Record Document 50, p. 15].

[3] *See* Record Document 6-2, p. 7 (ATF Notice mailed to Plaintiff at 300 Inverness Lane, Broussard, LA 70518, with FedEx proof-of-delivery signed by "J. Panos" on delivery date of January 3, 2013).

3

$4,707.00 in U.S. Currency.[4] Each notice sets out the pertinent laws under which administrative forfeiture proceedings were commenced and further explains the options available for purposes of filing a claim to the seized property at issue. The Government properly commenced administrative forfeiture proceedings as to the firearms and currency,[5] and the Court agrees that the claim period expired without Plaintiff filing an appropriate claim or petition to contest the seizure of the various firearms. As will be explained below, the Court further agrees with the Government that adequate means exist for Plaintiff to challenge the forfeitability of all relevant assets during the forfeiture phase of his criminal trial.[6] Nothing in this ruling affects Plaintiff's rights to do so.

Regarding the various firearms, the Court finds that these assets are likewise listed in the Superseding Indictment; however, out of an abundance of caution, the Court will respond to Plaintiff's due process objections.[7] Plaintiff does not contest the

---

[4] *See* Record Document 6-3 (Three separate DEA Notices, all issued on behalf of "owner" listed as James Panos, mailed to (a) James Panos, c/o Desperados of Acadiana, Inc., 3730 North East Evangeline Thruway, Carencro, LA 70520; (b) James Panos, 300 Inverness Lane, Broussard, LA 70518; and (c) James Panos, c/o R. Scott Iles/Esq., 1200 West University Avenue, Lafayette, LA 70506. Notices (a) and (b) are both dated January 9, 2013 and are accompanied by USPS certified mail receipts, signed by Jennifer Panos and dated January 16, 2013. Notice (c) is dated January 17, 2013 and is accompanied by a USPS certified mail receipt signed by an unknown recipient and dated January 22, 2013.).

[5] *See* 19 U.S.C. §§ 1602 *et seq* and 18 U.S.C. § 983, for relevant administrative forfeiture provisions. As to the cashier's check, the Court has seen no evidence to suggest that administrative forfeiture proceedings were ever commenced. Likewise, Plaintiff's opposition asserts no grounds by which this Court might exercise jurisdiction over any challenge to the forfeitability thereof. However, as with the currency and firearms, the cashier's check is included in the Superseding Indictment in Plaintiff's criminal case, and Plaintiff may raise any challenges on the merits during the forfeiture phase of his criminal trial.

[6] Likewise, the Court finds that Plaintiff has the same right to challenge the forfeiture of the various firearms during the forfeiture phase of his criminal trial.

[7] The Court is disappointed at the lack of reply by the Government. Circumstances have changed in a material way since the filing of the instant motion on April 11, 2013, such that further briefing by the Government would have been appropriate. The Court would have been aided by the filing of a reply brief,

4

adequacy of notice on the grounds that he did not receive the above-mentioned notices. Rather, as stated in his opposition, Plaintiff contests "whether the notice was adequate as to the absolute requirement for exhausting an administrative remedy before seeking alternative relief, or whether the notice on its face presents itself as immediate alternative relief."[8] In support of his position that he filed this petition in accordance with his alternative rights as "specifically announced" in the notice, Plaintiff cites a portion of the language enunciated in the notice issued by ATF. The Court is not persuaded by Plaintiff's argument. Read in the context of the entire notice, or even in the context of the entire paragraph from which Plaintiff has extracted two sentences, it is clear that the notice issued by ATF provides adequate notice of the means by which an aggrieved party may proceed.[9]

To withstand scrutiny under the Due Process Clause, the Government's notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Actual notice to Mr. Panos is not required; rather, the Government's efforts must be "reasonably calculated" to provide notice, in accordance with *Mullane. See Dusenberry*

---

setting forth the Government's position since the superseding indictment was filed on May 8, 2013 in 6:12-00344, *USA v. Panos et al.* The superseding indictment includes a forfeiture notice for all assets at issue in this civil proceeding. Although the Court acknowledges the enrollment of new Government counsel, said counsel was present during the telephone status conference at which the Court set new, extended deadlines for responsive filings. [*See* Record Document 11].

[8] Record Document 12, p. 2.

[9] *See* Record Document 12-1; *see also* Record Document 6-2.

5

*v. United States,* 534 U.S. 161, 170 (2002). Again, Plaintiff does not seriously contest the fact of notice. Instead, Plaintiff takes one sentence out of context to justify his failure to comply with the administrative procedures outlined within the ATF notice. The notice provides step-by-step instructions as to how an individual should proceed in filing a claim or petition, the dates by which the claim or petition must be received, and the information which must be included therein. Regardless of whether the aggrieved party chooses to file a claim or petition, the ATF notice clearly requires submission thereof to the ATF's "Asset Forfeiture and Seized Property Division," at address included in the notice. The Court will not further entertain Plaintiff's conclusory allegations that such notice was inadequate. Instead, Plaintiff's rights to challenge the forfeiture of the various firearms, as well as the currency and cashier's check, are preserved for the forfeiture phase of Plaintiff's criminal trial.

Finally, as mentioned above, the currency and cashier's check are also listed in the Superseding Indictment in Plaintiff's criminal case. The Government properly placed Plaintiff on notice that it would seek forfeiture of all items included in the Superseding Indictment, in accordance with Federal Rule of Criminal Procedure 32.2. Plaintiff is entitled to challenge the forfeiture on the merits during the forfeiture phase of his criminal trial.[10] As summarized by the Government, even if this Court were inclined to

---

[10] Because the various firearms are also listed, among other firearms, in the forfeiture notice within the Superseding Indictment [*See* Record Document 50, pp. 18-19], this section applies with equal force to the firearms.

treat this civil complaint as a motion under Federal Rule of Criminal Procedure 41(g), such a motion would be properly denied. As explained by the Third Circuit:

> Generally, a [Rule 41(g)] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues. The burden shifts to the government when the criminal proceedings have terminated.

*United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999); *see also Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) (holding that where "there has been a related criminal proceeding but no civil forfeiture proceeding, [a 41(g) motion] accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property").

## **CONCLUSION**

Plaintiff, James Panos, has failed to rebut the Government's contention that this Court lacks jurisdiction to hear Plaintiff's challenge to the forfeiture of the assets at issue. Plaintiff has adequate remedies available, in that he may challenge the forfeitability of these assets on the merits during the forfeiture phase of his related criminal trial. Accordingly, for the reasons assigned, the Government's Motion to Dismiss is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of January, 2014.

Judge Elizabeth Erny Foote
United States District Court